# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| LAURIE BISHARA, Petitioner, | * | No. 19-115V<br>Special Master Christian J. Moran |
| v. | * | Filed: January 31, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | |

Edward Kraus, Kraus Law Group, LLC, Chicago, IL, for Petitioner;
Voris E. Johnson, United States Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Laurie Bishara's motion for final attorneys' fees and costs. She is awarded $164,576.45.

* * *

On January 22, 2019, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the tetanus-diphtheria-acellular pertussis vaccine she received caused her to suffer scleroderma. Respondent contested entitlement in his

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

report and the parties retained medical experts – petitioner retained Dr. Samar Gupta, a rheumatologist, while respondent retained Dr. Chester Oddis, a rheumatologist, and Dr. You-Wen He, an immunologist. The parties filed briefs on their respective positions and an entitlement hearing was held on November 17-18, 2022. On January 27, 2023, the undersigned issued his decision denying entitlement. 2023 WL 2799054.

On July 7, 2023, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $120,466.50 and attorneys' costs of $44,106.95 for a total request of $164,576.45. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. Id. at 4. On July 7, 2023, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

* * *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that the claim has good faith and reasonable basis. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the

number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Ed Kraus, $409.00 per hour for work performed in 2018, $418.00 per hour for work performed in 2019, $435.00 per hour for work performed in 2020, $458.00 per hour for work performed in 2021, $472.00 per hour for work performed in 2022, and $497.00 per hour for work performed in 2023; for Ms. Amy Kraus, $327.00 per hour for work performed in 2018, $334.00 per hour for work performed in 2019, $365.00 per hour for work performed in 2020, $384.00 per hour for work performed in 2021, $414.00 per hour for work performed in 2022, and $436.00 per hour for work performed in 2023; and for Ms. Brynna Gang, $300.00 per hour for work performed in 2020, $325.00 per hour for work performed in 2021,$350.00 per hour for work performed in 2022, and $390.00 per hour for work performed in 2023. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work and shall be awarded herein. See, e.g., Prado v. Sec'y of Health & Human Servs., No. 21-1087V, 2022 WL 2277118, at *2 (Fed. Cl. Spec. Mstr. May 23, 2022); Eamick v. Sec'y of Health & Human Servs., No. 15-519V, 2020 WL 2467081, at *2 (Fed. Cl. Spec. Mstr. Apr. 10, 2020).

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing records and the billed hours appear reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Petitioner is therefore awarded final attorneys' fees of $120,466.50.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $44,106.95 in attorneys' costs. Most of this amount ($42,736.39) is attributable to work performed by petitioner's medical expert, Dr. Samar Gupta, and costs associated with facilitating in-person pre-hearing preparation. The remainder of the requested amount is for acquisition of medical records and the Court's filing fee.

Dr. Gupta billed 83.25 hours at an hourly rate of $500.00 per hour. Dr. Gupta's hourly rate is consistent with what he has previously been awarded for his Vaccine Program expert work. See Apuzzo v. Sec'y of Health & Human Servs., No. 17-1915V, 2021 WL 4305223, at *3 (Fed. Cl. Spec. Mstr. Aug. 23, 2021). Dr. Gupta's hours are generally reasonable in light of the work he performed in this case – he reviewed petitioner's medical records, prepared two expert reports (plus one supplement as the undersigned found that Dr. Gupta's initial report was deficient concerning the discussion of timing), prepared for an entitlement hearing and testified over the hearing's two days.

One potential issue concerns extra time billed by Dr. Gupta in conducting an in-person meeting with Mr. Kraus in Chicago. Mr. Kraus has indicated that "initial video prep sessions had been somewhat cumbersome due to the large number of documents and complex literature" and that "[b]ecause petitioner's attorneys had not worked with Dr. Gupta before … they determined the most effective way to prepare for the hearing was to work collaboratively in the same location reviewing

literature, documents, and testimony." Fees App. at 1-2. In order to facilitate this meeting, Dr. Gupta traveled a total of 13.5 hours for a total cost of $3,375.00, time which Dr. Gupta billed at half of his standard hourly rate. Id. at 71. Additionally, Dr. Gupta incurred $1,111.39 in costs for this trip. Id. at 74. Combined, this added the equivalent of approximately 8.9 hours of additional work to the requested reimbursement. Whether the in-person meeting generated 8.9 hours of efficiency (plus any intangible benefits from collaborating in-person) is not readily apparent, although given Mr. Kraus' status as an experienced Vaccine Program practitioner, the undersigned shall accept Mr. Kraus' reasoning in this case. In the future, greater detail should be submitted as part of the motion to help the undersigned determine whether such additional expenditure was reasonably made.

The remaining costs are reasonable and supported by the necessary documentation. Petitioner is therefore awarded the full amount of costs requested.

D. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$164,576.45** (representing $120,466.50 in attorneys' fees and $44,106.95 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Mr. Edward Kraus.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.